IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICK MOORE,<br>    Plaintiff,<br><br>v.<br><br>MEDICAL DIRECTOR, CARE OF<br>EXECUTIVE WELL PATH INC., *et al.*,<br>    Defendants. | :<br>:<br>:<br>:   CIVIL ACTION NO. 23-CV-1410<br>:<br>:<br>:<br>: |

**MEMORANDUM**

**PEREZ, J.**                                                                                                  **JULY 6, 2023**

Plaintiff Patrick Moore, a pretrial detainee housed at the George W. Hill Correctional Facility ("GWHCF"), filed this civil rights action pursuant to 42 U.S.C. § 1983, based on the medical care he received at GWHCF. Currently before the Court are Moore's Complaint (ECF No. 2), his Motions for Leave to Proceed *In Forma Pauperis* (ECF Nos. 1, 7), his Prisoner Trust Fund Account Statement (ECF No. 8), and his request for the appointment of counsel (ECF No. 2 at 6.). For the following reasons, the Court will grant Moore leave to proceed *in forma pauperis*, dismiss his Complaint without prejudice to amendment pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and deny his request to appoint counsel without prejudice.

**I.      FACTUAL ALLEGATIONS**[1]

Moore names the Medical Director (CEO) and WellPath Medical Director as Defendants. (Compl. (ECF No. 2) at 3.)[2] Both of these Defendants are listed with same address as GWHCF

---

[1] The factual allegations set forth in this Memorandum are taken from Moore's Complaint (ECF No. 2).

[2] The Court adopts the pagination supplied to the Complaint by the CM/ECF docketing system.

in Thornton, Pennsylvania.[3]  (*Id.*)  Moore asserts that he was maliciously and intentionally denied the proper care leaving him in "iminent [sic] danger of serious physical injuries." (*Id.* at 3.)

Moore avers that the events giving rise to his claims occurred on March 14, 2023 when he arrived at GWHCF.[4]  (*Id.* at 4.)  Specifically, Moore contends that when he was admitted at GWHCF, he was interviewed by "medical staff," and he signed a release in order for them to retrieve all of his medical files from his physician.  (*Id.*)  Moore contends that despite receiving that information, "this Dept. at [GWHCF] . . . has knowingly and maliciously and intentionally denied [him] proper medications as an ADA patiet [sic]" and he has not been seen by the "medical staff." (*Id.*)  Moore avers that he is under emotional duress and distress, and suffering from depression, anxiety, and fatigue, because he has not received his "anxi[e]ty or insomnia" and "terminal ill[ness] medication[s]."  He seeks money damages in excess of $320,000 dollars. (*Id.* at 5.)

---

[3]  The caption of the Complaint refers to the Defendant as "(CEO) Medical Director Care of Executive WellPath Inc." (Compl. at 2.)  However, in the section of the form Complaint where Moore was instructed to list all defendants, he identified the "Medical Director (CEO)" and WellPath Medical Dir." as separate Defendants.  It is unclear to the Court whether Moore intends to sue two different Defendants or whether Moore simply intended to sue the Medical Director of WellPath's operation at GWHCF.

[4]  A review of publicly available records indicates that Moore was arrested on March 14, 2023 by the Folcroft Boro Police Department on criminal contempt for violation of an order or agreement.  *See Commonwealth v. Moore*, CP-23-MD-0000934-2023 (C.P. Delaware).  At the time of the incident he describes, therefore, it appears that Moore was a pretrial detainee at GWHCF.

## II.     STANDARD OF REVIEW

The Court will grant Moore leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[5]  Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if, among other things, the Complaint fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  As Moore is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).  "This means we remain flexible, especially 'when dealing with imprisoned *pro se* litigants[.]'" *Vogt*, 8 F.4th at 185 (quoting *Mala*, 704 F.3d at 244).  The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.*  However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Vogt*, 8 F.4th at 185 (quoting *Mala*, 704

---

[5] However, as Moore is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).

F.3d at 245). An unrepresented litigant "'cannot flout procedural rules — they must abide by the same rules that apply to all other litigants.'" *Id.*

### III. DISCUSSION

Moore seeks money damages for constitutional claims. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983.[6] "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Furthermore, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)).

#### A. Claims Against WellPath

Although unclear, Moore may have intended to bring claims against WellPath in addition to the "Medical Director." The United States Court of Appeals for the Third Circuit has held that "a private health company providing services to inmates 'cannot be held responsible for the acts of its employees under a theory of respondeat superior or vicarious liability.'" *Sims v. Wexford Health Sources*, 635 F. App'x 16, 20 (3d Cir. 2015) (*per curiam*) (quoting *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 583 (3d Cir. 2003)). Rather, in order to hold a private health care company like WellPath liable for a constitutional violation under § 1983, Moore must

---

[6] Moore mistakenly cites *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) as a basis for his claims. However, because *Bivens* provides a remedy for constitutional violations committed by federal actors in very limited circumstances, it is not applicable here. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017).

allege the provider had "a relevant . . . policy or custom, and that the policy caused the constitutional violation [he] allege[s]." *Natale*, 318 F.3d 575, 583-84 (citing *Bd. of the Ctny. Comm'rs of Bryan Ctny., Oklahoma v. Brown*, 520 U.S. 397, 404 (1997)); *see also Lomax v. City of Philadelphia*, No. 13-1078, 2017 WL 1177095, at *3 (E.D. Pa. Mar. 29, 2017) ("Because [defendant] is a private company contracted by a prison to provide health care for inmates, . . . it can only be held liable for constitutional violations if it has a custom or policy exhibiting deliberate indifference to a prisoner's serious medical needs.") (citations and quotations omitted). "To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was." *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009).

A plaintiff may also state a plausible basis for liability against an entity like WellPath by "alleging failure-to-supervise, train, or discipline . . . [and alleging facts showing] that said failure amounts to deliberate indifference to the constitutional rights of those affected." *Forrest v. Parry*, 930 F.3d 93, 106 (3d Cir. 2019). In the context of a contract medical provider, the provider's "failure to train or supervise must amount to a policy or custom in disregard of an obvious risk that its employees or agents would commit constitutional violations." *Ponzini v. PrimeCare Med., Inc.*, 269 F. Supp. 3d 444, 526 (M.D. Pa. 2017), *aff'd in part, vacated in part on other grounds sub nom. Ponzini v. Monroe Cnty.*, 789 F. App'x 313 (3d Cir. 2019). Only in the narrowest of circumstances can a failure to train or supervise "said to be so obvious, that failure to do so could properly be characterized as deliberate indifference to constitutional rights even without a pattern of constitutional violations." *Id.* (quoting *Thomas v. Cumberland Cnty.*, 749 F.3d 217, 223 (3d Cir. 2014) (internal citation and quotation marks omitted).

Moore has not identified any policy or custom of WellPath that caused him to be deprived of proper care or caused any other constitutional deprivation. Accordingly, any claim against WellPath, to the extent Moore intended to assert such a claim, is not plausible.

### B. Deliberate Indifference Claims

The Court understands Moore's claims to be alleging that the Defendants were deliberately indifferent to his serious medical needs by failing to provide him with his medications. To state a constitutional claim based on the failure to provide medical treatment, a prisoner must allege facts indicating that prison officials were deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994).[7] A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Deliberate indifference is properly alleged "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999); *see also Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017) (Deliberate indifference can be shown by a prison official "intentionally denying or delaying access to

---

[7] As it appears that Moore was a pretrial detainee at the time of the events in question, the Fourteenth Amendment governs his claims. *See Hubbard*, 399 F.3d at 166. The standard under the Eighth Amendment and Fourteenth Amendment for claims related to a prisoner's medical needs is essentially the same for purposes of the analysis. *See Moore v. Luffey*, 767 F. App'x 335, 340 n.2 (3d Cir. 2019); *Parkell v. Morgan*, 682 F. App'x 155, 159-60 (3d Cir. 2017) (*per curiam*).

medical care or intentionally interfering with the treatment once prescribed.") (internal citations and quotations omitted). Furthermore, "[a] medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted). "[W]here denial or delay causes an inmate to suffer a life-long handicap or permanent loss, the medical need is considered serious." *Id; see also Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1023 (3d Cir. 1991) (A serious medical need exists where "failure to treat can be expected to lead to substantial and unnecessary suffering."). Allegations of medical malpractice and mere disagreement regarding proper medical treatment are insufficient to establish a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004). Furthermore, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode*, 845 F.2d at 1207; *Dooley*, 957 F.3d at 374. *See also Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

    Moore does not include any specific facts about the Defendants' personal involvement in his medical care. Moore simply avers that he was interviewed by "medical staff" and signed a release for his medical records. (Compl. at 4.) There are no further allegations as to who was involved in his medical care or who denied him proper medications. Moreover, although the Complaint identifies "Medical Director (CEO)" and "WellPath Medical Director" as Defendants (*id.* at 3), Moore presents no allegations in his Complaint regarding either Defendants' involvement in the alleged Constitutional violation. *See Tolentino v. Smucker*, 2021 WL

1259418, at *1-2 (3d Cir. Apr. 6, 2021) (*per curiam*) (affirming dismissal of deliberate indifference claim against hospital administrator because plaintiff alleged no factual allegations against him) (citing *Iqbal*, 556 U.S. at 678).[8]

Moore has failed to set forth sufficient facts to support a plausible deliberate indifference claim against any of the named Defendants. The Complaint does not present any factual allegations demonstrating the personal involvement of any of the Defendants in the alleged Constitutional violation. There simply are not enough facts in the Complaint to support a plausible inference that any of the Defendants acted intentionally to refuse to provide medical treatment, delayed treatment, or personally prevented Moore from receiving treatment. Thus,

---

[8] It is possible that Moore named the "Medical Director (CEO)" and "WellPath Medical Dir.") as Defendants in this case based on their supervisory positions at WellPath. (Compl. at 2-3.) There are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 575 U.S. 822 (2015). First, a supervisor may be liable if he or she "'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id.*; *see also Dooley*, 957 F.3d at 374 ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)).

By extension, supervisors are not liable solely by virtue of the fact that their subordinates committed constitutional violations absent some measure of conduct traceable to the supervisors themselves. *See Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). Nor are generalized allegations that a defendant is "in charge of" or "responsible for" an office or facility sufficient to allege personal involvement in an underlying constitutional violation. *See Saisi v. Murray*, 822 F. App'x 47, 48 (3d Cir. 2020) (*per curiam*) ("Saisi asserted that some defendants were 'in charge of agencies that allowed this to happen,' and that liability stemmed merely from defendants' 'belief' that their conduct would be 'tolerated.' However, a director cannot be held liable 'simply because of his position as the head of the [agency].'" (quoting *Evancho v. Fisher*, 423 F.3d 347, 354 (3d Cir. 2005)).

Moore has not stated a plausible deliberate indifference for the failure to provide medical treatment.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Moore leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Cognizant of Moore's *pro se* status, the Court will grant him an opportunity to "flesh out [his] allegations by [filing an amended complaint and] . . . explaining in the amended complaint the 'who, what, where, when and why' of [his] claim." *See Davis v. Internal Revenue Serv.*, No. 21-4728, 2022 WL 407639, at *3 (E.D. Pa. Feb. 9, 2022) (citing *Gambrell v. S. Brunswick Bd. of Educ.*, No. 18-16359, 2019 WL 5212964, at * 4 (D.N.J. Oct. 16, 2019)). Any amended complaint should clearly describe the factual basis for Moore's claims against the relevant defendant or defendants and how each defendant was involved in the alleged denial of his constitutional rights. Moore's request to appoint counsel is denied without prejudice because it is premature. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether appointment of counsel is appropriate, the Court should first determine whether plaintiff's lawsuit has a legal basis).

An appropriate order follows.

BY THE COURT:

_____
**MIA R. PEREZ, J.**